IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTT WILSON,                                        *

    Petitioner,                                     *        Criminal Action No. RDB-09-36

v.                                                   *        Civil Action No. RDB-13-302

UNITED STATES OF AMERICA,                            *

    Respondent.                                     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

On February 5, 2010, Petitioner Scott Wilson ("Petitioner" or "Wilson") pled guilty to arson in violation of 18 U.S.C. § 844(i). ECF Nos. 37 & 38. On July 10, 2010, Petitioner was sentenced by this Court to a term of two-hundred and forty (240) months incarceration and three (3) years of supervised release. On January 28, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 83. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

On October 31, 2008, Petitioner was living in a home located at 7202 Mink Hollow Road, Highland, Maryland. Plea Agreement, Statement of Facts, ECF No. 37. Petitioner owned and worked for a company called Subtractions LLC, a computer and electronics recycling company servicing the Maryland, Washington D.C., and Virginia areas. *Id.* The official business address of Subtractions LLC was 7202 Mink Hollow Road. *Id.* Additionally,

there were several business vehicles registered to the Mink Hollow Road address and Petitioner maintained a space there for Subtractions LLC business. *Id.*

On or about October 31, 2008, Petitioner intentionally set a fire which resulted in significant damage to real and personal property located at 7202 Mink Hollow Road. ECF No. 37. The Howard County Fire Department responded to the fire; thereafter, Petitioner attempted to flee the property and narrowly missed hitting a Howard County Fire Department firefighter with Petitioner's vehicle. *Id.*

On December 31, 2008, Petitioner poured screws and glass on the driveway of an individual with the initials "PMF," a potential witness for the Government in this case. ECF No. 37. On January 8, 2009, Petitioner threatened to kill individuals with the initials "MLM" and "JM II" and the grandchildren of MLM. *Id.* Both MJM and JM II were potential witnesses for the Government in this case as well. *Id.*

On January 9, 2009, a United States Magistrate Judge issued a criminal complaint against Petitioner for arson in violation of 18 U.S.C. § 844(i). ECF No. 1. On January 22, 2009, Petitioner was indicted by a federal grand jury for arson in violation of 18 U.S.C. § 844(i). ECF No. 8. On February 19, 2009, the grand jury returned a Superseding Indictment charging Petitioner with one count of arson in violation of 18 U.S.C. § 844(i), and two counts of obstruction of justice in violation of 18 U.S.C. § 1512. ECF No. 12.

On February 5, 2010, Petitioner pled guilty to Count One of the Superseding Indictment, arson in violation of 18 U.S.C. § 844(i). ECF No. 37. Pursuant to the plea agreement, Count Two and Count Three of the Superseding Indictment were dismissed on the Government's motion. ECF No. 51. On July 10, 2010, Petitioner was sentenced by this

Court to a term of two-hundred and forty (240) months incarceration and three (3) years of supervised release. ECF No. 49. Petitioner was ordered to pay $147,247.46 in restitution and a $100.00 special assessment. ECF No. 49. Judgment on Petitioner's sentence was entered on August 4, 2010. ECF No. 51.

On August 10, 2010, Petitioner filed a timely Notice of Appeal in the United States Court of Appeals for the Fourth Circuit. ECF No. 53. On November 4, 2011 the Fourth Circuit entered judgment affirming the judgment of this Court. ECF No. 67. On January 28, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 83. This court addresses Petitioner's claims for relief below.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (b) the court lacked "jurisdiction to impose the sentence, . . . [(c)] the sentence was in excess of the maximum authorized by law, or [(d) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel a petitioner must satisfy the two-prong test set forth in

3

*Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986). Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)). Furthermore, when a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater. In *Hooper v. Garraghty*, the Fourth Circuit explained: "Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have

4

pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d 471, 75 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

Petitioner alleges two grounds for relief in support of his motion to vacate his conviction and sentence.[1] First, Petitioner claims "actual innocence" based on "new and reliable evidence" that would show that the 7202 Mink Hollow Road address had not been used as a place of business for his company, Subtractions LLC, thereby failing to fulfill the interstate nexus requirement of 18 U.S.C. § 844(i). Second, Petitioner challenges the validity of his guilty plea, claiming that he received constitutionally ineffective assistance of counsel based on trial counsel's (1) failure to investigate the law; (2) failure to contact relevant witnesses; and (3) misleading advice in regard to the Government's plea offer. This Court, again, recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I.    ACTUAL INNOCENCE CLAIM

The basis for Petitioner's claim of actual innocence is that the 7202 Mink Hollow Road address was not a place of business and, therefore, did not affect interstate commerce. However, Petitioner's conviction was based upon the plea agreement that Petitioner and counsel signed on or about January 13, 2010, in which Petitioner stipulated to the

---

[1] Petitioner's § 2255 motion (ECF No. 83) alleged that: (1) Petitioner's guilty plea was unknowing and involuntary because neither he, nor his counsel understood the elements of 18 U.S.C. § 844(i); (2) actual innocence because Petitioner's residence was a non-commercial building; (3) the Government breached the terms of Petitioner's plea agreement; (4) Petitioner's trail counsel rendered ineffective assistance of counsel by assuring Petitioner that the Government would not seek restitution; and (5) Petitioner's trial counsel rendered ineffective assistance of counsel based on failure to conduct pre-trial investigation and research of the law. In Petitioner's Brief in Support of his § 2255 motion (ECF No. 99), Petitioner voluntarily withdrew allegation three (3) and four (4) from his claim for relief. For the purposes of this Court's memorandum opinion, Petitioner's claims will be addressed in two (2) sections: (I) Actual Innocence and (II) Ineffective Assistance of Counsel.

Government's Statement of Facts.   Plea Agreement, ECF No. 37. The agreed upon
statement of facts provides in pertinent part:

> The official business address of Subtractions LLC was 7202 Mink Hollow
> Road, several business vehicles were registered to the Mink Hollow Road
> address, and the Defendant maintained a space at 7202 Mink Hollow Road for
> Subtractions LLC business.
>
>     On or about October 31, 2008, the defendant intentionally set a fire
> that damaged real and personal property, located at 7202 Mink Hollow Road .
> . . .

*Id.* Additionally, during the guilty plea hearing conducted pursuant to Rule 11 of the Federal
Rules of Criminal Procedure on February 5, 2010, this Court established that Petitioner had
the opportunity to review his case with counsel, including the nature of the charges against
him, the facts, and the evidence. *See* Hr'g Tr., ECF No. 66. Further, Petitioner gave no
indication during the Rule 11 hearing that he misunderstood either the nature charges against
him or that he was pleading guilty to the elements of arson in violation of 18 U.S.C. § 844(i).
*Id.* Notwithstanding Petitioner's stipulation to the Plea Agreement's Statement of Facts,
Petitioner faces several procedural hurdles.

First, a successful § 2255 motion must show that the conviction or sentence was
based on a jurisdictional or constitutional error, a miscarriage of justice, or an omission
inconsistent with the rudimentary demands of fair procedure. *See Hill v. United States*, 368
U.S. 424, 428 (1961).   If none of these conditions are met, only upon a showing of
"exceptional circumstances" will relief be granted. *See Bowen v. Johnson*, 306 U.S. 19, 27 (1939).
Second, "it is well settled that a voluntary and intelligent plea of guilty made by an accused
person, who has been advised by competent counsel, may not be collaterally attacked."
*Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Marbry v. Johnson*, 467 U.S. 504, 508

6

(1984)). This is especially so, as here, when petitioner does not first challenge the validity of the guilty plea on direct appeal. *Bousley*, 523 U.S. at 621. This does not mean that guilty pleas operate as an absolute bar to collateral attack, but that convictions based on guilty pleas "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause and actual prejudice' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)).

The Supreme Court has made it clear that "actual innocence means factual innocence, not mere legal insufficiency" with respect to the miscarriage of justice exception. *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "The prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. This is as opposed to "legal innocence," to which the Supreme Court has held the miscarriage of justice exception does not apply. *Id.* (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986)).

To satisfy the threshold requirement for actual innocence, Petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298 (1992)). To combat Petitioner's claim of actual innocence, the Government "may present any admissible evidence of [P]etitioner's guilt." *Bousley*, 523 U.S. at 615. The Petitioner has clearly failed to meet his burden.

To convict a defendant for violating 18 U.S.C. § 844(i), the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant set fire (*or* used an explosive) to damage or destroy, or in an attempt to damage or destroy, property.

Second, that the property was used in or affecting interstate or foreign commerce.

Third, that the defendant acted maliciously.

2-30 Modern Federal Jury Instructions-Criminal P 30.01.

In *United States v. Jones*, 529 U.S. 848 (2000), the Supreme Court determined that "an owner-occupied residence not used for any commercial purpose" does not satisfy the interstate commerce requirement set forth in 18 U.S.C. § 844(i). Petitioner places great reliance on this case. However, his application of *Jones* to the instant case and his understanding of the language of 18 U.S.C. § 844(i) is misguided.

In *Jones*, the Government failed to satisfy the interstate commerce requirement set forth in 18 U.S.C. § 844(i) because the property in question, a residence in the state of Indiana, was a private dwelling and was not "used in" or affecting interstate commerce. 529 U.S. at 848-49. The Government argued that because the property was "used" to (1) secure a mortgage from a lender in Oklahoma; (2) obtain a casualty insurance policy from a Wisconsin insurer; and (3) receive natural gas from sources outside of Indiana the property was used in and affected interstate commerce. *Id.* at 848. The Supreme Court rejected this argument, reasoning that § 844(i) is "most sensibly read to mean active employment for commercial purposes, not merely a passive … connection to interstate commerce." *Id.* The Court determined that sole function of the property in question was that of a private

dwelling for everyday living and that the property had not been used in or for an activity affecting interstate commerce. *Id.* at 859. The Court indicated that residences serving as home offices or as the locus of some commercial undertaking may, however, suffice to satisfy the § 844(i) interstate commerce requirement. *Id.* at 849.

In *United States v. Jimenez*, 256 F.3d 330 (5th Cir. 2001), the Fifth Circuit held that the Government sufficiently proved the interstate commerce requirement set forth in § 844(i) with respect to a victim's private residence. The court reasoned that although the "locus of [the] commercial undertaking" was a private home, the family maintained its construction business there. *Jimenez*, 256 F.3d at 339. The court was particularly persuaded that the residence substantially affected interstate commerce because "business records and supplies were stored there, employee paychecks were written and picked up there, and business vehicles were occasionally parked overnight there." *Id.*

Petitioner relies on *Jones* by maintaining that the 7202 Mink Hollow Road address was "not actively employed for commercial purpose at the time it was damaged by fire." Pet'r's Br. at 28 (ECF No. 99). However, the record clearly establishes that the 7202 Mink Hollow Road address was not merely a "passive connection to interstate commerce" or solely a private dwelling for everyday living. *Jones*, 529 U.S. at 848. Rather, the address was actively engaged as the locus of Petitioner's computer recycling business, Subtractions LLC. *See* Plea Agreement, Statement of Facts (ECF No. 37). As previously indicated, 7202 Mink Hollow Road was the listed business address for Subtractions LLC, a company servicing the D.C., Maryland, and Virginia areas. *Id.* Also, there were several Subtractions LLC business vehicles registered to the 7202 Mink Hollow address. *Id.*

9

Further, "the Government is not limited to the existing record, but may present any admissible evidence of [P]etitioner's guilt" *Bousley*, 523 U.S. at 615, and the Government's response to Petitioner's § 2255 motion points to numerous connections between Petitioner's business, Subtractions LLC, and 7202 Mink Hollow Road. *See* Government's Response at 20-22 (ECF No. 106). Among these connections were Subtraction LLC business records recovered from 7202 Mink Hollow Road, photographs of the office space maintained at 7202 Mink Hollow Road, and Petitioner's statements to ATF agents upon his arrest on January 9, 2009 indicating that his business was run out of 7202 Mink Hollow Road. *Id.* The Government has satisfied each of the required elements to convict Petitioner of arson in violation of 18 U.S.C. § 844(i).

Petitioner argues that he has "acquired new and reliable evidence which conclusively establishes [Petitioner's] private residence … was not actively employed for any commercial purpose at the time the fire damaged it." Pet'r's Br.  at 18 (ECF No. 99). The "new and reliable evidence" on which Petitioner relies comes in the form of sworn affidavits of five former employees of Petitioner's, photographs of 7202 Mink Hollow Road after the fire, and other documentation including: (1) the July 30, 2010 sentencing transcript; (2) the Government's sentencing memorandum; (3) the plea agreement's statement of facts; and (4) the search warrants in Petitioner's case. *Id.*  However, in this case, there was extensive evidence that Petitioner set fire to the home located at 7202 Mink Hollow Road and that the property was used in and affected interstate commerce as required by 18 U.S.C. § 844(i). There was evidence that Petitioner (1) used 7202 Mink Hollow Road for Subtractions LCC corporate filings; (2) paid bills for 7202 Mink Hollow Road from Subtractions LLC business

10

accounts; and (3) maintained an office space at 7202 Mink Hollow road where Petitioner

kept business records.[2] Further, Petitioner admitted to these facts before this Court during

his Rule 11 hearing, which carries a strong presumption of veracity following a finding that

the plea is entered knowingly and voluntarily. *See United States v. Morrow*, 914 F.2d 608, 613

(4th Cir. 1990). Upon review of Petitioner's submissions, this Court finds that Petitioner has

not met its burden in establishing that "in light of all the evidence, it is more likely than not

that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup*,

513 U.S. at 299). Therefore, relief on Petitioner's claim of actual innocence is DENIED.

II.    INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Petitioner challenges the validity of his guilty plea, claiming that he received

constitutionally ineffective assistance of counsel based on trial counsel's (1) failure to

investigate the law; (2) failure to contact relevant witnesses; and (3) misleading advice in

regard to the Government's plea offer. Each of these contentions revolve around

Petitioner's misguided understanding of the interstate commerce requirement set forth in 18

U.S.C. § 844(i). As previously discussed, however, the Government has presented sufficient

evidence to satisfy each of the elements of 18 U.S.C. § 844(i) and Petitioner has presented no

credible evidence to the contrary.

First, there is no evidence that trial counsel erred with respect to his understanding of

the law and, as a result, no error in failing to contact additional witnesses. Even if trial

counsel had chosen to litigate the interstate nexus issue, considering the caselaw discussed

above with respect to the elements of 18 U.S.C. 844(i), the facts in Petitioner's case indicate

[2] For a complete list of each connection between the interstate business of Subtractions LLC and Petitioner's property at 7202 Mink Hollow Road, *see* Government's Opposition to Habeas Petition (ECF No. 106).

11

that he would not have prevailed. *See Jimenez*, 256 F.3d at 339. Therefore, counsel's decision to forgo litigation of the interstate nexus issue was "sound trial strategy" and not deficient. *Strickland*, 466 U.S. at 960 (quoting *Michel v. State of La.*, 350 U.S. 91, 100 (1955)). Second, with respect to trial counsel's advice in regard to the plea offer,  by signing the plea agreement on January 13, 2010, Petitioner admitted his guilt of arson under 18 U.S.C. § 844(i). The Plea Agreement fully advised him of the maximum penalties for that offense, the elements of that offense, the applicable advisory guideline range, and more importantly, the factual and advisory guidelines stipulation and the waiver of appeal provision. *See* Plea Agreement (ECF No. 37).

Moreover, in *Ford v. United States*, this Court noted that "there is a strong presumption that the plea is final and binding when an appropriate [Rule 11] guilty plea colloquy is conducted. No. CIV.A. RDB-12-2848, 2013 WL 3155447, at *4 (D. Md. June 19, 2013) (citing *United States v. Lambey*, 974 F.2d 1389 (4th Cir. 1992)). To succeed on this § 2255 claim, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty." *Hooper*, 845 F.2d at 75 (quoting *Lockhart*, 474 U.S. at 59). At his February 5, 2010 Rule 11 proceeding, Petitioner represented to this Court, under oath, that he had fully discussed the charges, the evidence against him, and the possibility of trial and appeal with his counsel. *See* Hr'g Tr. (ECF No. 66).   He acknowledged having had the opportunity to read and discuss the plea agreement with his counsel before signing it. *Id.* Petitioner also represented that he was fully satisfied with his

attorney's representation and advice and indicated that his attorney had not failed to satisfy any of his requests.[3] *Id.*

In sum, in addition to there being no deficiency in trial counsel's performance, Petitioner cannot show prejudice. There was ample evidence against him, and he cannot show a "reasonable probability" that he would have gone to trial. Accordingly, Petitioner's claim of ineffective assistance of counsel is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner Scott Wilson's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 83) pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

---

[3] At Petitioner's Rule 11 proceeding on February 5, 2010, this Court explicitly asked Petitioner, "Are you fully satisfied with [trial counsel] and his representation and the advice he has given you?" Hr'g Tr. at 9, ECF No. 66. To which Petitioner responded, "I am." *Id.*

A separate Order follows.

Dated:        March 23, 2015

Richard D. Bennett
United States District Judge